IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 24-224 |
| **ALBI FURXHIU** | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

      The United States of America, by and through Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney for the District, respectfully moves this Honorable Court to detain the defendant prior to trial. The defendant was initially arrested by Philadelphia Police Officers who were investigating a series of armed robberies in South Philadelphia. The defendant is now charged with robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a) (two counts); armed bank robbery, in violation of 18 U.S.C. § 2113(d)(one count); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)(two counts). If convicted, he faces a possible term of life imprisonment, with a mandatory minimum sentence of 14 years' imprisonment and an estimated guideline range of 255 – 276 months' imprisonment. The Government respectfully submits that, for the reasons detailed below, he should be detained prior to trial following a hearing held pursuant to 18 U.S.C § 3142(f). Because the defendant is charged with violating 18 U.S.C. § 924(c), there are rebuttable presumptions that no condition or combination of conditions will reasonably assure the safety of the community or the defendant's presence at trial. See 18 U.S.C. § 3142(e)(3)(B).

The defendant cannot rebut these presumptions and therefore, should be detained. There is no condition or combination of conditions that will reasonably assure the defendant's appearance as required and/or the safety of the community, and the Government moves pursuant to 18 U.S.C. " 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

I.     **APPLICABLE LAW**

Title 18 U.S.C. § 3142(g) sets forth the factors that this Court is to consider in determining whether a person should be released or detained. These factors are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2) the weight of the evidence against the person;

3) the history and characteristics of the person, including

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the defendant stands accused of crimes of violence and firearms offenses. The evidence against the defendant is overwhelmingly strong, and his danger to the community is demonstrated by his committing multiple armed robberies while brandishing a firearm at the victims, which favors detaining him until trial.

## II.    FACTS

### A.    The Evidence Against the Defendant

A grand jury indicted the defendant for two counts of robbery which interferes with interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d); and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Probable cause thus exists to believe that the defendant violated these statutes. The anticipated trial evidence in this case clearly demonstrates the defendant's guilt.

On Tuesday, March 5, 2024, at approximately 8:22 am, the defendant entered the Sunoco gas station located at 59 Oregon Avenue, Philadelphia and walked up to the Cashier, S.P.[1], pointed a semi-automatic handgun at him and demanded money by stating, "give me the money, and the money from the bottom too." S.P. handed over money from the register and a cash box totaling approximately $4,000.  After robbing the store, the defendant fled the scene on foot and headed northbound.  S.P. provided a description of the robber.  Video surveillance was recovered from the Sunoco which corroborates S.P.'s account of the incident and shows that the male was wearing a dark colored jacket with a zipper on the left breast and red tag on the left cuff, dark pants and dark colored sneakers with a grey hooded sweatshirt and a winter hat with the Champion logo. Based off the video a patrol alert was prepared and disseminated.

---

[1] S.P. is known to law enforcement.



On March 6, 2024, at approximately 8:22 am, the defendant entered the 7-11 store located at 2101 S. 10th Street, Philadelphia and walked up to the cashier, H.K.,[2] and pointed a handgun at him. The defendant demanded that H.K. open the register and give him the money. After H.K. handed over money from one register the defendant told him to give him the money from the other register. The defendant fled the scene on foot with approximately $2,000 in stolen cash.   Surveillance footage was recovered from the store by detectives.



---

[2] H.K. is Known to law enforcement.



On March 11, 2024, at approximately 8:35 am, the defendant entered the TD Bank located at 2653 S. 5th Street, Philadelphia, walked up to the Teller, M.H.[3] and demanded "give me the money" while also pointing a firearm at an unarmed security guard, L.D.[4] As the defendant handed over a brown paper bag to M.H. he yelled for everyone else to get on the ground. H.K. filled the bag with $1819 and a GPS tracking device. After taking the money the defendant fled the bank southbound on the 2700 block of Randolph St.

---

[3] M.H. is known to law enforcement.
[4] L.D. is known to law enforcement.





While investigating the Sunoco robbery video recovered from surrounding businesses showed a white Ford Connect Transit van circle the area before parking northbound on the 2500 block of Front St., a person wearing dark colored clothing was seen exiting the driver side

of the vehicle and then head southbound on foot towards the location of the Sunoco. Approximately four minutes later the same individual is seen running back to the vehicle entering the driver side. The white transit van then fled the area[5].

Agents investigating the March 11, 2024, armed bank robbery of the TD Bank were able to locate the GPS tracker in a sewer on the south side of Bigler St. and S. Alder St. The tracker and two $20.00 bills were recovered. The investigation showed that one of the defendant's residences was 2848 S. Alder St. The investigation also revealed that he had a prior address of 1902 S. Jessup St. The defendant's address of 2848 S. Alder St. is located directly across from the sewer where the GPS and currency from the TD Bank robbery were recovered.



6

---

[5] This white van was later connected to the TD Bank robbery and to the defendant who was ultimately arrested in the van.
[6] GPS device tracking showing travel of device.

Agents recovered video showing a white transit van in the area of the TD Bank robbery in the relevant time period. A white Ford transit van arrived on the 2700 block of Randolph St. at approximately 8:29 am. At 8:32 am the robber is observed walking off the 2700 block of Randolph St before committing the bank robbery. At 8:35 am the robber is seen walking back onto 2700 S. Randolph St. and the white Ford transit van is seen leaving at 8:37 am.

While on location in the area of Alder and Bigler streets, investigators conducted a neighborhood survey and were alerted that a resident at 2848 S. Alder St. had been observed operating a white Ford transit van similar to that seen arriving and leaving after the bank robbery. An automated license plate reader (ALPR) GOE Fence search was conducted in the area of 2848 S. Alder St. which found that a white 2017 Ford transit van bearing PA tag ZME-1534 was identified on numerous tag reads parked at the corner of Bigler and Alder streets, as well as, at the corner of 11th & Mifflin St.[7]

Philadelphia Police Department detectives located the white transit van parked and unoccupied in front of 1807 S. 11th St[8]. On March 13, 2024, at approximately 2:04 pm Officer Zirilli conducted a vehicle investigation of the white Ford transit van at the intersection of 12th & Moore St. after the defendant was observed entering the vehicle and exit the parking spot. The defendant was carrying a black FNH FNP-45, .45 caliber semiautomatic pistol bearing serial number 61DZM04305, loaded with 14 live rounds on his right hip which he handed over to Officer Zirilli. Detectives arrived on location and spoke with the defendant who told them that he had just left 1902 Jessup St. and was enroute to pick up his son from daycare.

---

[7] This location is less than 100 yards from 1902 S. Jessup St.
[8] This is a tenth of a mile from 1902 S. Jessup St.

The defendant had a valid license to carry a firearm which listed his residence as 1902 Jessup St.  A query was conducted on the FNH FNP-45 firearm which confirmed the firearm belonged to the defendant.  The front sight of the firearm is red, matching the description from the Sunoco robbery.



The defendant was advised of his *Miranda* right, and waived those rights and provided an audio and video recorded Post-*Miranda* statement to detectives admitting to the robberies of the Sunoco, TD Bank and 7-11 with the firearm that was recovered from him during the vehicle investigation.  He stated that he was able to flee with $2,000 from Sunoco, $500 from TD Bank and discarded all of the money from TD Bank in the sewer after discovering the GPS tracker.  He told the detectives that all the money was gone.  He also told detectives the locations of the

clothing used in the robberies[9] and stated he was recently fired from his job and needed to secure money for ongoing legal fees.

Search warrants were executed at 2848 S. Alder St., 1902 Jessup St. and on the white Ford Connect Transit van. The search of 2848 S. Alder Street yielded: the jacket from the Sunoco and TD bank robbery, sneakers, ammunition & magazines, three rifles, one shotgun, a POE switch, and mail.

---

[9] The items were found where Furxhiu indicated, and no money was recovered.



The search of 1902 S. Jessup St. yielded a blue jacket similar to the one worn by Furxhiu during the 7-11 robbery.  The search of the white ford transit van yielded a blue, red & black champion winter hat and blue medical mask.



B. **Criminal Record and the Character and Past Conduct of the Defendant**

The defendant has no known prior criminal history.

C. **Ties to Community and View on Law Enforcement**

To the extent the defendant has family ties, previous employment, or other ties to the community, such alleged connections did not prevent his recent violent criminal behavior.

III. **CONCLUSION**

The factors set forth in Title 18 U.S.C. § 3142(g) weigh heavily in favor of detention. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or the defendant's presence at trial under 18 U.S.C. § 3142(e)(3)(B, and the defendant cannot rebut these presumptions and thus he should be detained until trial.

The weight of the evidence against the defendant is overwhelming and he admitted his

crimes. The defendant committed two Hobbs Act robberies and an armed bank robbery, all of which are violent crimes. In each case he brandished and pointed the firearm at the victims, putting them in fear for their lives. Additionally, he had a cache of weapons and ammunition in his residence. The defendant faces a possible term of life imprisonment, with a mandatory minimum sentence of 14 years' imprisonment and an estimated guideline range of 255 – 276 months' imprisonment. The overwhelming evidence against him and the potential decades long sentence he faces are strong incentives to flee. When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that the defendant poses a significant danger to the community and poses a significant risk of flight, thus no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for the Defendant's Pretrial Detention should be granted.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

 /s *Nicholas E. Freeman*
NICHOLAS E. FREEMAN
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIM. NO. 24-224 |
| **ALBI FURXHIU** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this       day of June 2024, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. A grand jury has indicted the defendant for violating Title 18, United States Code, Section 1951(a) (robbery which interferes with interstate commerce - two counts); Title 18, United States Code, Section 2113(d) (armed bank robbery – one count); and Title 18, United States Code, Section 924(c)(1)(A)(ii) (using, carrying, and brandishing a firearm during and in

relation to a crime of violence - two counts), thus there is probable cause to believe that he committed these crimes.

    2.       The evidence in this case is strong.

On March 13, 2024, Philadelphia police arrested the defendant for the armed robberies of a Sunoco gas station, a 7-11, and the TD Bank. He was arrested in a vehicle which was tied to two of the robberies. When arrested he was carrying a firearm that matched the description of the firearm used in the robberies. A GPS tracking device and cash from the TD Bank robbery were found in a sewer across the street from his residence. Evidence from the crimes were found during a search of his residences and vehicle. Finally, the defendant admitted he committed the crimes.

    3.       A search of the defendant's residence yielded multiple firearms and ammunition.

    4.       The nature of the defendant's crimes establishes that no condition of release, or combination of conditions, will reasonably assure the safety of the community or reasonably assure the appearance of the defendant as required.  18 U.S.C. § 3142(e).

    5.       The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community, and increases the high risk that the defendant will not appear as required by the Court.

    6.       As there is probable cause to believe that the defendant committed two counts of an offense under 18 U.S.C. 924(c)(1)(A)(ii ), and is facing a maximum penalty of life imprisonment and a mandatory minimum of seven years imprisonment on each count, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably

assure the appearance of the defendant as required.  The defendant has failed to rebut these presumptions.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. CAROL SANDRA MOORE WELLS
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Government's Motion for Pretrial Detention was served by electronic mail upon all counsel of record.

/s/ *Nicholas E. Freeman*
NICHOLAS E. FREEMAN
Special Assistant United States Attorney

Dated: June 13, 2024